**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

FILED

OCT 13 2023

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
CLEVELAND

| | |
|---|---|
| **DANIELLE WALTON TAYLOR**, *Pro se*<br>**24490 FAIRMOUNT BLVD.**<br>**BEACHWOOD, OHIO 44122**<br><br>**Plaintiff**<br><br>v.<br><br><br><br>**HILTON WORLD WIDE HOLDINGS INC.**<br> **Also *dba* HAMPTON INN BY HILTON**<br>**c/o Corporation Service Co**<br>**251 Little Falls Drive**<br>**Wilmington, Delaware 19808**<br><br>**And,**<br><br>**SHEVAUGHN BAILEY**<br>**c/o Hampton Inn by Hilton**<br>**Corporation Service Co**<br>**251 Little Falls Drive**<br>**Wilmington, Delaware 19808**<br><br>**Defendants.** | **CASE NO.:**<br><br>**1:23 CV 02001**<br><br>**JUDGE BARKER**<br>**MAG JUDGE ARMSTRONG**<br><br>**COMPLAINT**<br><br><br>**JURY TRIAL DEMANDED** |

Comes now Plaintiff Danielle Walton Taylor, *Pro se* and respectfully submits her complaint for damages and makes the following averments.:

## INTRODUCTION

Plaintiff Danielle Walton Taylor made reservations on or about July 19, 2023 from her home at 24490 Fairmount, Beachwood, Ohio through the Expedia venue licensed by Defendants to book hotel rooms at their facilities paying $430.56. The reservation was for Plaintiff to stay

three nights at the Hilton property of Hampton Inn & Suites Coconut Creek, 5740 State Road 7, Coconut Creek, FL, 33073 United States of America.  Plaintiff did not arrive until @ 3 am the morning of July 22, 2023 due to plane delays.  Despite Plaintiff having a reservation Defendants refused to honor the reservation threatening to call the police if Plaintiff, a 29 year old African American female did not leave the lobby, thereby traumatizing her as she was forced into darkness.

### Parties, Jurisdiction, and Venue

1.      Plaintiff, Danielle Walton Taylor, resides at 24490 Fairmount Blvd., Beachwood, Ohio, making reservations therefrom to stay at the Hilton Hampton Inn on 7/21/23.

2.      Defendants' Hilton Worldwide Holdings Inc is one of the largest hotel brands in the world.  It is a Delaware corporation and can be served by its registered agent, Corporation Service Company, at 251 Little Falls Drive, Wilmington, Delaware 19808.

   a. Shevaughn Bailey is the Office Manager of the Hampton Inn where the injury took place and also responsible for the conduct that resulted in Defendant's damages.

   b. Hampton Inn by Hilton ("Hampton Inn") is a Hilton Worldwide Holdings brand property.

   c. Defendant Hilton and the Hampton Inn are a single and joint employer with a high degree of interrelated, intermingled, and unified operations at the Hampton Inn. Defendant Hilton and Hampton Inn each share the common policies and practices complained of herein.

   d. Defendant Hilton and the Hampton Inn jointly employ or ratify the employment of individuals through horizontal joint employment and/or vertical joint employment.

   e. As an integrated enterprise and/or joint employer, Defendant an the Hampton Inn are separately and jointly responsible for compliance with all applicable laws.

f.  As an integrated enterprise and/or joint employer Defendant and Hampton Inn are jointly and severally liable for any damages caused by employees.

g.  As hotel operator, Defendant Hilton controls the training and conduct or other related policies, including decisions on implementation and execution of policy for its branded properties including the Hampton Inn where Plaintiff was purposefully excluded from the three nights for which she had paid so that Plaintiff's room could be used for other varied and sundry purposes. *Cf. A.B. v. Hilton Worldwide Holdings,* Oregon District Court Case No. 3:19cv01992.

h.  Through its relationship with the staff at the Hampton Inn where Plaintiff was excluded from the use of her hotel room for three nights, Defendant Hilton knowingly benefited or received something of value from its facilitation of, or participation in, nefarious conduct for which others benefitted from Plaintiff's payment.

i.  Hilton benefited financially from room rentals and other incidentals recognized by renting rooms to Plaintiff without rendering the promised service nor allowing Plaintiff to stay in the room for which she had pre-paid.

3.  Whenever reference is made in this Complaint to any act, deed, or conduct of the Defendants, the allegation is that the Defendants engaged in the act, deed, or conduct by or through one or more of their officers, directors, agents, employees, or representatives who was actively engaged in the management direction, control, or transaction of the ordinary business and affairs of the Defendants.

## JURISDICTION AND VENUE

4. This Honorable Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 because this action arises under the Constitution, laws, or treaties of the United States (with an amount in controversy that exceeds $75,000).

5. Venue is proper in this district pursuant to 28 U.S.C. §1391 because a substantial part of the events or omissions giving rise to the claims asserted in this action, including the Defendants' misconduct and omissions, specifically, the solicitation for Plaintiff's stay as well as of her payment, occurred in the judicial district where this action brought,

6. This racial and discrimination action is brought pursuant to Title II (Public Accommodations and Title VII of the Civil Rights Act of 1964, as amended. The jurisdiction of this Court is invoked by the plaintiffs pursuant to 28 U.S.C. §§ 1331, 1343(4) and 28 U.S.C. §§ 2201 and 2202. This lawsuit is brought pursuant to the "The Civil Rights Act of 1866," 42 U.S.C. §1981, and 1981a and the Civil Rights Act of 1964, 42 U.S.C. § 2000a(a) et seq., as amended by the Civil Rights Act of 1991. Equitable and other relief is sought under 42 U.S.C. 20003-5(g).

## Factual Allegations

7. Plaintiff travelled by air on July 21, 2021 from Cleveland Hopkins Airport to the Ft. Lauderdale's Airport arriving by Lyft Transportation in Coconut Creek, Florida to attend the funeral of the mother of a former Girl Scout member, Norma Sharp. Plaintiff is an African American female who was deprived of her hotel room, Hampton Inn by Hilton, located at 5740 State Road 7, Coconut Creek, FL 33073 because of her race even though said room was pre-paid.

8. Upon Plaintiff's arrival, when Defendants saw that she was African American with a pre-paid three night stay, Defendants determined that they could use the room for other purposes, *Cf. A.B., Id.* without consequence and threatened to call the police if she did not leave. Office Manager Shevaughn Bailey confirmed this purpose and ratified the aforesaid actions of the desk clerk.

- 4 -

## COUNT I - DISCRIMINATION IN VIOLATION OF 42U.S.C. §2000a(a)

9.    The deprivation of Plaintiff's hotel room at the Hampton Inn because of her race. 42U.S.C. §2000a(a) provides that " All persons shall be intitled to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation, as defined in this section, without discrimination on the ground of race, color, religion, or national origin.

10.    Danielle Walton Taylor restates each and every prior paragraph of this complaint, as if it were fully restated herein.

11.    Danielle Walton Taylor was involuntarily put out of Defendant's facility with no place to go at four in the morning.

12.    Defendant's unreasonably refused Danielle Walton Taylor's $50 cash deposit; her $50 apple pay proffer; and, later, when the former Girl Scout member arrived, that member's $50 bank card.

13.    These actions were done because of Danielle Walton Taylor's race and the fact that she was female with little apparent resources.

14.    Danielle Walton Taylor was maliciously threatened with criminal arrest if she did not leave Defendants' facility for which she had pre-paid.

15.    As a result of Defendants' discrimination against Danielle Walton Taylor, she has suffered mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, trauma and emotional pain and suffering.

16.    In its discriminatory actions as alleged above, Defendants acted with malice or reckless indifference to the right of Danielle Walton Taylor, thereby entitling her to an award of punitive damages.

17.     To remedy the violations of the rights of Danielle Walton Taylor secured by the Civil Rights Act and other laws of the United States of America, she requests that the Court award her the relief demanded below.

## DEMAND FOR RELIEF

WHEREFORE, Danielle Walton Taylor demands from Defendants the following:

(a) The return of her $430.56 for which she paid for the room and to which she was entitled by virtue of her prepayment.

(b) An award against Defendants of compensatory and monetary damages to compensate Danielle Walton Taylor for her loss of habitation, exposure to danger, loss of access to humane comforts, loss of self-confidence and additional payments for housing, transportation and safety in excess of $75,000;

(c) An award of punitive damages against Defendants in an amount in excess of $75,000;

(d) An award of reasonable attorney's fees and non-taxable costs for Danielle Walton Taylor's claims as allowable under law;

(e) An award of the taxable costs of this action; and

(f) An award of such other relief as this Court may deem necessary and proper.

Respectfully Submitted.

Danielle Walton Taylor, *Pro se*
24490 Fairmount Blvd.
Beachwood, Ohio 44122
(216) 280-8797

2872227@vikes.csu ohio. edu

## JURY DEMAND

A Trial by Jury is hereby Demanded on all Triable Issues.

Danielle Walton Taylor

- 6 -